IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DWIGHT DENNIS,

    Petitioner,

v.                                                                 CASE NO. 4:13-cv-136-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS, and
FLORIDA PAROLE COMMISSION,

    Respondents.

_____/

## REPORT & RECOMMENDATION

This case is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent, Florida Parole Commission, has filed a response and appendix with the state-court record, Doc. 8, and Petitioner has filed a reply. Doc. 9. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

### State-Court Proceedings

The procedural background of this case is established by the state court records appended to the Response. Doc. 8. On February 21, 1996, Petitioner was charged by Information with thirty-eight counts of sexual battery, and lewd, lascivious, or indecent

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

*Case No: 4:13-cv-136-WS-GRJ*

assault on a child.  Doc. 8-3 at 3-13.  Petitioner was found guilty as charged as to eight of the counts on March 27, 1996, and sentenced to ten years of probation on April 3, 1996.  Doc. 8-3 at 14-15.

On May 27, 1998, Petitioner violated his probation by driving while his license was suspended.  Doc. 8-5 at 3.  He was resentenced to 20 years in prison with credit for 492 days served on June 12, 1998.  Doc. 8-3 at 38.

On June 1, 2006, Petitioner was scheduled to be released subject to thirty-two special conditions outlined in his Certificate of Conditional Release.[2]  Doc. 8-4 at 3-8.  However, after being transported to the probation office for release, Petitioner was found to have violated conditions 8(d) and 32 of his conditional release for failing to provide a verifiable address where he would be living.  Doc. 8-5 at 10.  Therefore, Petitioner was again placed in the custody of the Broward County Sheriff's Office.  Doc. 8-5 at 2.  Petitioner eventually provided an acceptable release plan to the Florida Parole Commission, and was then released on August 25, 2006.  Doc. 8-5 at 13.

A violation report was filed on April 17, 2008, after Petitioner's monitoring bracelet registered a "gone alarm."[3]  Doc. 8-6 at 2.  The violation did not result in punishment, as it was later discovered that Petitioner was at his residence, as required, when the gone alarm occurred.  Doc. 8-6 at 5.

---

[2] Petitioner signed the Certificate of Conditional Release document and also checked a box on the form which stated: "I acknowledge that I am subject to the terms and conditions of release."  Doc. 8-4.

[3] A "gone alarm" occurs when the tracking device is set down and the subject travels a specified distance away from the device.  A five minute grace period is allowed for subjects to "clear" the alarm without it resulting in a violation.  Doc. 8-10 at 11.

On July 28, 2008, a violation report was filed alleging that Petitioner was not at his residence at 8:00 PM, which violated the 7:00 PM curfew in condition 17 of his conditional release. Doc. 8-7 at 5. Upon returning to his residence, Petitioner was arrested. Doc. 8-7 at 5. At the violation hearing, the Parole Examiner found that the violation was not willful, as Petitioner's curfew had been changed to 10:00 PM and, therefore, Petitioner was returned to conditional release.[4] Doc. 8-7 at 14.

Petitioner's was arrested again and taken back into custody on June 22, 2010, after another violation report was submitted on June 17, 2010 for violation of condition 30—failure to carry the tracking device at all times. Doc. 8-9 at 2. The gone alarm in question lasted eight minutes, between 7:32 PM and 7:40 PM, and occurred on June 9, 2010. Doc. 8-10 at 12.

Testimony was taken of several witnesses, including Petitioner, at the violation hearing. Doc. 8-10 at 9-11. The hearing was bifurcated, with some witness testimony taken in July 2010, and the rest taken in August 2010 before a decision was reached. Doc. 8-10 at 12. Petitioner testified that the alarm occurred while he was in the shower, and he was in his residence during the alarm period. Doc. 8-10 at 9. Petitioner further testified that Officer Snipes, who was then acting as Petitioner's probation officer, had a problem with Petitioner's place of residence, and would have preferred he live "anywhere else." Doc. 8-10 at 9. The examiner found that Petitioner had been

---

[4] Ms. Koff, who served as Petitioner's parole officer at the time of the July 28, 2008 violation report, testified that she had moved back his curfew to 10:00 PM to accommodate Petitioner's work and meeting obligations. The July 28 violation was thus in error. Doc. 8-7 at 12-15.

untruthful to Officer Snipes regarding his location during the alarm.  Doc. 8-10 at 13.

Officer Snipes testified that Petitioner's tracking device had registered 14 gone alarms between September 2008 and June 2010, though each lasted less than five minutes.  Doc. 8-9 at 11.  Due to the numerous alarms, Officer Snipes instructed Petitioner on February 22, 2010 to "never put the [tracking device] down when outside his residence."  Doc. 8-9 at 11.  Officer Snipes produced printout maps purporting to show Petitioner's location on June 9, 2010, at an apartment building which was located "no where near" Petitioner's residence.  Doc. 8-9 at 11.  The device was "at rest" during the alarm, meaning Petitioner was not carrying it, even when he allegedly went outside.  Doc. 8-9 at 12.

On August 19, 2010, after hearing all the testimony introduced during the evidentiary hearing, the Parole Examiner found that the violation was grounds for permanent revocation of Petitioner's conditional release.  Doc. 8-9 at 13.

Petitioner initially challenged the revocation of his conditional release on December 10, 2010 with a mandamus petition in the Circuit Court in and for Franklin County to set aside the violation.  Doc. 8-12 at 2.  However, the state court deemed the petition as one seeking habeas relief.  Doc. 8-13 at 11.  Petitioner alleged that his tracking device frequently malfunctioned, and the eight minute alarm was likewise the result of a malfunction and thus does not constitute a willful and substantial violation of his conditional release.  Doc. 8-12 at 4.  On April 19, 2011, the Circuit Court in and for Franklin County denied Petitioner's challenge, finding that there was substantial and competent evidence to justify the challenged revocation.  Doc. 8-12 at 15.

Next, Petitioner filed a Petition for Writ of Certiorari to Florida's First District Court of Appeal on May 13, 2011. Doc. 8-13 at 4. On February 9, 2012, the First DCA *per curiam* denied the petition for certiorari "on the merits," but without written opinion. Doc. 8-13 at 22. The mandate issued on March 6, 2012. Doc. 8-13 at 3.

Petitioner filed the instant petition in this Court on March 19, 2013. Doc. 1.

## Timeliness

As a threshold matter, the petition is untimely. Because the petition was filed after April 24, 1996, the case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, the factual predicate for Petitioner's claim that his conditional release was revoked without credible evidence was known on August 19, 2010, when the parole examiner issued a decision finding that Petitioner was guilty of a willful and

substantial violation, and the one-year limitations period began to run on that date. 28 U.S.C. § 2244(d); *Ray v. Mitchem,* 272 Fed.Appx. 807 (11th Cir. 2008) (holding that parole revocation became final and one-year limitations period began to run for purposes of federal habeas on the date parole was revoked); *Brown v. Barrow,* 512 F.3d 1304 (11th Cir. 2008) (using the date of petitioner's letter from the parole board denying parole as the factual predicate which triggered the statute of limitations). The limitations period was tolled during the pendency of Petitioner's state habeas petition, which was denied, and the First DCA issued its mandate March 6, 2012. More than 365 days elapsed from March 6, 2012, the date the mandate issued, and March 19, 2013, the date the petition was filed.[5]  *See* 28 U.S.C. § 2244(d). Therefore, the instant petition is untimely.

Even if the petition was timely, however, as discussed below, the Petitioner is not entitled to relief on the merits of his claim.

### Section 2254 Standard of Review

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the

---

[5] Petitioner placed the petition in the prison mailing system on March 19, 2013 and therefore under the prison mailbox rule March 19, 2013 is considered the filing date and not March 20, 2013, the date the petition was docketed by the Clerk.

evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 134 S.Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 134 S.Ct. at 15 (stating that the standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*.

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 15 (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and

it is—'that is because it was meant to be.'" *Id*. at 16 (quoting *Harrington*, 562 U.S. at 102). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 562 U.S. at 102).

## Due Process Requirements for Revocation Proceedings

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke,* ___ U.S. ___, 131 S.Ct. 859, 862 (2011) (citing *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures." *Swarthout*, 131 S.Ct. at 862.

In a parole revocation proceeding, the following minimum requirements of due process must be provided:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . . ; (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey,* 408 U.S. at 488-89. "These requirements in themselves serve as substantial protection against ill-considered revocation." *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). A revocation hearing does not "equate . . . to a criminal prosecution in any sense," *Morrissey*, 408 U.S. at 489, and thus, the full panoply of rights afforded to the

criminal defendant are not afforded to one facing revocation.

## DISCUSSION

The only ground Petitioner raises in the instant habeas petition is that the Parole Commission violated Petitioner's due process rights by revoking his conditional release "without competent and persuasive evidence of a willful and substantial violation." Doc. 1 at 5.

Upon a review of the record and the state court's disposition of Petitioner's due process claims, and mindful of the high degree of deference that is afforded to the state court's assessment of Petitioner's claims, the Court concludes that Petitioner has presented no basis for federal habeas relief. The record fully supports the state court's finding that Petitioner's revocation proceeding fulfilled the due process requirements of *Morrissey*. *See* 408 U.S. at 488-89.

With respect to the fulfillment of due process requirements, Petitioner received written notice of the violation on July 1, 2010. Doc. 8-10 at 6. The violation hearing notice furnished to Petitioner disclosed the evidence against him. Doc. 8-10 at 5. Petitioner testified before the Parole Commission regarding mitigation, and presented live witnesses and written statements. Doc. 8-10 at 13. Petitioner was given the opportunity, but refused to cross-examine the adverse witness, stating "he [was] not going to refute the printouts provided by Officer Snipes or Officer Snipes' testimony." Doc. 8-10 at 11. Following consideration of the Parole Examiner's recommendation, the Commission issued a written statement explaining that Petitioner's release was revoked on the basis of the testimony and evidence presented at the hearing. Doc. 8-

10 at 14.  As such, Petitioner's revocation proceeding satisfied all of the requirements of due process for a parole revocation proceeding. *Morrissey*, 408 U.S. at 488-89.

To the extent that Petitioner alleges the evidence used at his hearing was neither competent nor persuasive, he fails to assert a cognizable claim for habeas relief. Matters of state law do not give rise to federal habeas relief, and state evidentiary standards governing parole decisions are not a component of the liberty interest that is protected by federal due process requirements.  *Swarthout*, 131 S.Ct. at 863.  In *Swarthout*, the Supreme Court concluded that "[s]uch reasoning would subject federal-court merits review of the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law.  To the contrary, we have long recognized that 'a mere error of state law is not a denial of due process.'"  *Id*. (citation omitted).

Reviewing Petitioner's state habeas petition, the Franklin County Circuit Court held that the testimony of Petitioner and Officer Snipes, as well as the monitoring company's maps created a sufficient factual basis for the revocation of conditional release.  Doc. 8-12 at 11-15.  The court found the evidentiary inconsistencies uncovered during the hearing were properly resolved by the hearing examiner.  *See McKinney v. State*, 624 So.2d 373, 374 (Fla. 1st Dist. Ct. App. 1993).

Therefore, the Court has no difficulty concluding that both the Florida Parole Commission proceedings and the state court habeas proceedings failed to produce decisions "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law." § 2254(d)(1); *see Burt*, 134 S.Ct. at 15.  Accordingly, Petitioner's claim

that the revocation of his conditional release violated his due process rights does not warrant habeas relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody, Doc. 1, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

IN CHAMBERS this 1st day of July 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.